UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| BLAKE ESTRADA, individually and on behalf of all others similarly situated, | **Case No.: 7:20-cv-00140** <br> Collective Action & Rule 23 Class Action |
| v. | |
| MULHOLLAND ENERGY SERVICES, LLC. | |

# COMPLAINT

### SUMMARY

1. This lawsuit seeks to recover overtime compensation for Blake Estrada and his similarly situated co-workers who held the position of Rig Technician and all other similar hourly non-exempt employees (collectively, "Non-Exempt Workers") - who work or have worked for Mulholland Energy Services, LLC. ("MES") nationwide.

2. MES is a leading oilfield support service company providing safe and efficient excavation and tank cleaning services to meet the needs of customers in the Permian Basin in Texas and New Mexico. MES's services include: hydro-excavation, rig and tank cleaning, fluid hauling, end dumps/solids hauling, hot oil services, casing clean drift, tally, and project waste management. Headquartered in Midland, Texas, MES maintains sites in Pecos, Texas; Big Lake, Texas; Loving, New Mexico; Chickasha, Oklahoma; and San Antonio, Texas.

3. As a result, MES employs and compensates hundreds of oilfield workers throughout the United States.

4. Plaintiff and similarly situated Non-Exempt Workers typically work 80 plus hours per week, for several weeks straight.

5. Despite this, MES's Non-Exempt Workers do not receive overtime pay for all hours worked in excess of 40 per workweek in violation the Fair Labor Standards Act § 201 *et seq.* ("FLSA").

Rather, MES will often deduct hours worked over 40 from Non-Exempt Workers' total hours for hours accumulated between picking up equipment at MES's yard and transporting said equipment to a work site.

6. Estrada brings this action on behalf of himself and similarly situated current and former Non-Exempt Workers who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b) to remedy violations of the wage-and-hour provisions of the FLSA by MES that has deprived Estrada and similarly situated Non-Exempt Workers of their lawfully earned wages.

7. Estrada also bring this action on behalf of himself and similarly situated Non-Exempt Workers in New Mexico pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New Mexico Minimum Wage Act, NMSA 50-4-19, *et seq.*, ("NMMWA").

## JURISDICTION AND VENUE

8. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367.

9. The proposed collective action includes a total number of plaintiffs in excess of 100.

10. Venue is proper in the Western District of Texas because MES has its corporate headquarters based in this District and performs business in this District.

## PARTIES

11. Blake Estrada ("Estrada") is an adult individual who is a resident of the State of Texas.

12. Estrada was employed by MES as a Rig Technician from approximately December 2019 through April 2020.

13. At all relevant times, Estrada was an "employee" of MES as defined by the FLSA and the NMMWA.

14. At all relevant times, MES was Estrada's "employer" as defined in the FLSA and the NMMWA.

15. A written consent form for Estrada is being filed with this Class Action Complaint.

## DEFENDANT

**Mulholland Energy Services, LLC**

16. MES has co-owned and/or co-operated all MES corporations and work sites throughout the United States during the relevant time period.

17. MES is a domestic limited liability company organized and existing under the laws of Texas.

18. MES identifies corporate headquarters as 10308 WCR 72, Midland, Texas 79707.

19. At all relevant times, MES has maintained control, oversight, and direction over Estrada and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

20. MES applies the same employment policies, practices, and procedures to all Non-Exempt Workers throughout the United States.

21. At all times relevant, MES has had an annual gross volume of sales in excess of $500,000.00.

22. At all relevant time, MES has had at least two employees that handle, sell, or work on goods or materials that were produced for interstate commerce or that traveled in interstate commerce, such as tools, computers, telephones, vehicles, and safety equipment.

## FACTS

23. Consistent with their policies and patterns or practices as described herein, MES harmed Estrada, individually, as follows:

**Blake Estrada**

24. Estrada was employed by MES as a Rig Technician from approximately December 2019 through April 2020. During this time, Estrada worked on various oil and gas sites operated by MES in Texas and New Mexico.

25. During his employment, Estrada regularly worked over 40 hours per week.

26. Despite regularly working over 40 hours per workweek, MES did not pay Estrada time and one half his regular rate for all the hours he worked over 40.

### COLLECTIVE/CLASS ALLEGATIONS

27. Estrada brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as Non-Exempt Workers for MES nationwide who elect to opt-in to this action (the "FLSA Collective").

28. Estrada brings the Second Cause of Action, an overtime claim under the NMMWA, on behalf of himself and all similarly situated persons who have worked as Non-Exempt Workers for MES in New Mexico (the "New Mexico Class").

29. MES is liable under the FLSA for, *inter alia*, failing to properly compensate Estrada and the FLSA Collective.

30. Consistent with MES's policies and patterns or practices, Estrada and the FLSA Collective were not paid the proper premium overtime compensation for all hours worked beyond 40 hours in a workweek.

31. All of the work that Estrada and the FLSA Collective has performed has been assigned by MES, and/or MES has been aware of all of the work that Estrada and the FLSA Collective have performed.

32. As part of their regular business practice, MES has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Estrada and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a.  willfully failing to pay its employees, including Estrada and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

b.  willfully failing to record all the time that their employees, including Estrada and the FLSA Collective, have worked for the benefit of MES.

33. MES's unlawful conduct, as described in this Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying employees.

34. MES is aware or should have been aware that federal law required them to pay Estrada and the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

35. Estrada and the FLSA Collective perform or performed the same primary duties.

36. There are many similarly situated current and former Non-Exempt Workers who have been denied overtime pay in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

37. Those similarly situated employees are known to MES, are readily identifiable, and can be located through MES's records.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Estrada and the FLSA Collective)**

38. Estrada realleges and incorporates by reference all allegations in all preceding paragraphs.

39. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to MES and protect Estrada and the members of FLSA Collective.

40. MES failed to pay Estrada and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay, which includes all total earnings per workweek, for all hours worked beyond 40 per workweek.

41. MES's unlawful conduct, as described in this Complaint, has been willful and intentional. MES was aware or should have been aware that the practices described in this Class Action Complaint were unlawful. MES did not make a good faith effort to comply with the FLSA with respect to the compensation of Estrada and the FLSA Collective. As such, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

42. As a result of MES's willful violations of the FLSA, Estrada and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New Mexico Minimum Wage Act – Overtime Wages
**(Brought on behalf of Estrada and the New Mexico Class)**

43. Estrada realleges and incorporates by reference all allegations in all preceding paragraphs.

44. The overtime wage provisions set forth in the NMMWA, NMSA 50-4-19, *et seq.*, and the supporting regulations, apply to MES and protect Estrada and the members of the New Mexico Class.

45. During this time, Estrada and the New Mexico Class regularly worked in excess of 40 hours per week.

46. MES failed to pay Estrada and the FLSA Collective the premium overtime wages to which they were entitled under the NMMWA – at a rate of 1.5 times their regular rates of pay, which should have included all earnings per workweek – for all hours worked beyond 40 per workweek.

47. Estrada and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, liquidated damages, treble damages, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper from MES.

48. Estrada and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by MES, as provided by the NMMWA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of the FLSA Collective and the New Mexico Class, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Estrada be allowed to give notice of this collective action, or that the Court issue such notice, to all Non-Exempt Workers who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at MES nationwide. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of Estrada as representative of the New Mexico Class and counsel of record as Class Counsel;

E. Unpaid overtime wages permitted by law pursuant to the NMMWA;

F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws.

G. Reasonable attorneys' fees and costs of the action; and

H. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:   (713) 877-8788
Telecopier:   (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com


**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Frank J. Mazzaferro, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone:  (212) 300-0375

**Attorneys for Plaintiff and the Classes**

8