**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **BLAKE ESTRADA, Individually and on Behalf of All Others Similarly Situated,** §§§§<br>*Plaintiff*, §<br>§<br>**v.** §<br>§    **MO:20-CV-140-RCG**<br>**MULHOLLAND ENERGY** §<br>**SERVICES, LLC,** §§§<br>*Defendant*. § | |

**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

BEFORE THE COURT is Plaintiff Blake Estrada's unopposed Motion for Preliminary Approval of Class/Collective Action Settlement ("Motion for Approval"). (Doc. 62). This case is before the Court pursuant to the consent of the parties in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. 50). After due consideration, the Court **GRANTS** Plaintiff's Motion for Approval. (Doc. 62).

**I.    BACKGROUND**

On June 1, 2020, Plaintiff Blake Estrada ("Plaintiff") alleged Defendant Mulholland Energy Services, LLC ("Defendant") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. ann. § 50-4-19, *et seq.*, by failing to pay Plaintiff and others similarly situated overtime for hours worked in excess of forty hours in a workweek. (Doc. 1). On September 18, 2020, Plaintiff filed an unopposed Motion to Certify Class, which the Court granted on October 16, 2020. (Docs. 17, 19). The Court found conditional certification to be appropriate and certified the following class:

> **Individuals who performed work for Mulholland Energy Services, LLC, as Wash Crew Hands in Texas and New Mexico from June 1, 2017, to present.**

(Doc. 19 at 4). The parties then attempted to mediate twice between July 21, 2021, and March 9, 2022, both of which were unsuccessful. (Doc. 62 at 2). However, the parties notified the Court that a settlement in principle was reached on February 10, 2023. (Doc. 54). Then, on April 13, 2023, Plaintiff filed the instant unopposed Motion. (Doc. 62).

The parties reached settlement terms and agreed to seek certification of a settlement class. *Id.* The proposed settlement class includes:

> **All current and former hourly employees who held the position of Rig Technicians, also known as wash crew members for Defendant Mulholland Energy Services LLC ("Mulholland") and performed work at any time between June 1, 2017 and [date of the Court's approval order] ("the Class").**

*Id.* at 3. Plaintiff requests that the Court: 1) preliminarily approve the settlement reached; 2) approve class certification for the purpose of settling and approving the settlement notice; and 3) consider the proper notice to the settlement class, determine whether the settlement is in the best interest of said class, and schedule the final hearing date for exclusion and other matters necessary for the Court's review. *Id.*

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 23, "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Therefore, the Court is required to determine whether the proposed class is proper for settlement purposes. *McNamara v. Bre-X Minerals Ltd.*, 214 F.R.D. 424, 426–27 (E.D. Tex. 2002). If the proposed class is found to be proper, the Court must then make a preliminary fairness evaluation of the proposed settlement terms submitted by counsel. *Id.* Lastly, "if the Court determines that

settlement is fair, the Court directs that notice pursuant to Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement." *Id.* at 426.

A. *Preliminary Certification of Settlement Class*

"The district court must conduct a 'rigorous analysis of the Rule 23 prerequisites' before certifying a class." *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). These prerequisites are: 1) "numerosity (a class so large that joinder of all members is impracticable)"; 2) "commonality (questions of law or fact common to the class)"; 3) "typicality (named parties' claims or defenses are typical of the class)"; and 4) "adequacy of representation (representatives will fairly and adequately protect the interests of the class)." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)). Further, in addition to the four prerequisites set out in Rule 23(a), the class must fit into one or more of the three specified categories set out in Rule 23(b). *See id.* at 623–24. "These categories are: (1) cases in which prosecuting separate actions by or against individual class members would create a risk of inconsistent adjudication; (2) cases in which the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive or declaratory relief is appropriate with respect to the class as a whole; or (3) cases in which there are questions of law or fact common to class members that predominate over questions affecting only individual members and the class action is superior to other methods for fairly efficiently adjudicating the controversy." *Lopez v. Progressive Cnty. Mutual Ins. Co.*, SA-19-CV-00380-FB, 2020 WL 6391214, at *3 (W.D. Tex. Nov. 2, 2020), *report and recommendation adopted*, 2020 WL 7674373 (W.D. Tex. Nov. 17, 2020)). Lastly, the party

seeking certification bears the burden of establishing the prerequisites by a preponderance of the evidence. *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1052 (S.D. Tex. 2012).

In this case, Plaintiff proposes a settlement class consisting of:

> **All current and former hourly employees who held the position of Rig Technicians, also known as wash crew members for Defendant Mulholland Energy Services LLC ("Mulholland") and performed work at any time between June 1, 2017 and [date of the Court's approval order] ("the Class")**

(Doc. 62 at 3).

### 1. Rule 23(a) Factors

As to numerosity, the parties anticipate a settlement class of approximately 330 members. (Doc. 62 at 7). The Court finds joinder of all such class members to be impracticable and that the numerosity requirement is satisfied. Fed. R. Civ. P. 23(a)(1); *see Mullen*, 186 F.3d at 624.

Next, the parties assert that the commonality requirement is satisfied, as "Plaintiff alleges that despite the Class's status as hourly employees entitled to overtime pay, [Defendant] failed to pay them for all hours worked in excess of 40 hours in a workweek." (Doc. 62 at 7). The Court finds there are questions of law or fact common to the class given that each member of the proposed class alleges a common contention of Defendant's misconduct and common injuries. Fed. R. Civ. P. 23(a)(2); *see In re Heartland Payment Sys.*, 851 F. Supp. 2d at 1053.

The parties also claim Plaintiff "meets the typicality requirement here (at least for settlement purposes) because he, like the Class Members, was not paid overtime wages for all hours worked over 40 because of [Defendant's] allegedly illegal policy." (Doc. 62 at 8). The Court agrees, as Plaintiff asserts claims that are typical of the proposed class of individuals who

were also hourly employees working as Rig Technicians claiming to be subject to the same allegedly unlawful conduct. Fed. R. Civ. P. 23(a)(3).

Finally, the parties argue Plaintiff will fairly and adequately represent and protect the interests of the proposed settlement class. (Doc. 62 at 9). The Court agrees that Plaintiff, who possesses the same interests and asserts the same type of injury as the proposed class members, will fairly and adequately protect the interests of the settlement class. Fed. R. Civ. P. 23(a)(4); *see Amchem*, 521 U.S. at 625–26. Further, the Court finds that Plaintiff's counsel possesses significant experience in handling cases such as the instant case and will also adequately and fairly protect the interests of the proposed settlement class. Thus, the Court finds Plaintiff has met the requirements of Federal Rule of Civil Procedure 23(a).

**2. Rule 23(b) Factors**

To reiterate, in addition to satisfying Rule 23(a), "[t]he proposed class must also satisfy the requirements of Rule 23(b)(1), (2), or (3)." *In re Wilborn*, 609 F.3d 748, 755 (5th Cir. 2010). Here, the parties argue that certification of the proposed settlement class is appropriate under Rule 23(b)(3), which includes "cases in which there are questions of law or fact common to class members that predominate over questions affecting only individual members and the class action is superior to other methods for fairly efficiently adjudicating the controversy." (Doc. 62 at 10). To determine whether a class action is the superior method of adjudication, the Court considers: 1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; 2) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; 3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum"; and 4) "the likely difficulties in managing a class action."

Fed. R. Civ. P. 23(b)(3). In the context of a settlement-only class, the fourth factor may be disregarded. *See Amchem*, 521 U.S. at 620.

According to the parties, "[t]he primary issue to be resolved is whether [Defendant's] travel time practices violated the NMMWA." *Id.* at 11. The Court agrees; the claims, as asserted, arise from an allegedly common practice of failing to pay employees overtime pay, which impacted each individual in the proposed settlement class. Therefore, common questions of law and fact predominate over questions affecting only individual members of the settlement class, if any. Fed. R. Civ. P. 23(b)(3).

At this stage, there are no indications that the proposed settlement class members possess any "interest[] in individually controlling the prosecution or defense of separate actions." Fed. R. Civ. P. 23(b)(3)(A). Additionally, there is nothing to suggest that the proposed settlement class members have begun any other litigation concerning the instant controversy. Fed. R. Civ. P. 23(b)(3)(B). Finally, the Court finds that concentrating the litigation of these claims is desirable, as it would serve judicial efficiency without sacrificing fairness. Thus, the Court finds Plaintiff has met the requirements of Federal Rule of Civil Procedure 23(b).

\* \* \*

To conclude, the Court finds the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) have been met and warrant preliminary certification of the proposed settlement class.

B. *Preliminary Approval of Settlement Agreement*

At this stage, the Court is simply required to conduct a preliminary fairness evaluation of the proceedings, as a more rigorous examination will be conducted following a formal fairness hearing. *See McNamara*, 214 F.R.D. at 426. "If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as

unduly preferential treatment of a class representative or of segments of the class, or of excessive compensation for attorneys, and appears to fall within the ra[n]ge of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement." *Telles v. Midland Coll.*, No. MO:17-CV-00083-DC, 2018 WL 7352426, at *3 (W.D. Tex. Apr. 30, 2018) (quoting *McNamara*, 214 F.R.D. at 430).

The Court is guided by the factors set out in *Reed v. General Motors Corporation* and finds that the parties have illustrated the lack of any obvious deficiencies in the Settlement Agreement.[1] The parties maintain that "[a]fter nearly two years of litigation, discovery, information exchanges, negotiations, and multiple mediations," they found a "proposed Settlement [that] is fair and reasonable." (Doc. 62 at 2). The Settlement Agreement resolves the alleged wage and hour liability in question and requires that Plaintiff and each Settlement Class member who does not opt out of the class be allocated a Settlement Award from the Net Settlement Amount. (Doc. 62-1 at 7). The Settlement Agreement does not display preferential treatment of the class representative, nor does it require excessive compensation for attorneys. *Id.* at 2. The relief requested appears to fall within the range of possible approval. *Telles*, 2018 WL 7352426, at *4.

The Court finds that the Settlement Agreement lacks any obvious deficiencies and does not contain reasons to doubt its fairness. *McNamara*, 214 F.R.D. at 430. Thus, the Settlement

---

1. A district court must consider the "*Reed* Factors" in determining the fairness, reasonableness, and adequacy of a proposed settlement. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 334 (5th Cir. 2011). The six factors are: 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense, and likely duration of the litigation; 3) the stage of the proceedings and the amount of discovery completed; 4) the probability of plaintiffs' success on the merits; 5) the range of possible recovery; and 6) the opinions of the class counsel, class representatives, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). The Court will apply and analyze these factors with greater scrutiny following a formal fairness hearing and prior to final approval of the settlement.

Agreement satisfies the requirements for preliminary approval. As such, notice should be issued to potential class members. *McNamara*, 214 F.R.D. at 431.

### C. Form and Manner of Notice

"If the Court determines that the settlement is fair, the Court directs that notice pursuant to Rule 23(e) be given to the class members of a formal fairness hearing, at which argument and evidence may be presented in support of and in opposition to the settlement." *Telles,* 2018 WL 7352426, at *4 (quoting *McNamara*, 214 F.R.D. at 426). Pursuant to Federal Rule of Civil Procedure 23(e), the Court is required to "direct notice in a 'reasonable manner' to all class members who would be bound by the proposal." At the preliminarily certified stage for a Rule 23(b)(3) class, the requisite "reasonable manner" of notice is that proscribed by Rule 23(c)(2)(B) which calls for "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). Lastly, these requirements are in addition to notice of a formal fairness hearing.

The Court finds the parties' proposed manner of notice to be the best notice that is practicable under the circumstances: "The Parties' proposed Notice – which will be sent via first class mail and email – provides the members of the Class with adequate notice of their rights

under the Settlement, including information on their estimated share and how to claim it. [citation omitted]. Moreover, the Settlement Claim Form is a one-page form that permits members of the State Law Classes to claim their money quickly and easily." (Doc. 62 at 13). Additionally, the Court finds that the proposed form of notice is satisfactory as it includes information addressing each of the requirements of Rule 23(c)(2)(B). (*See* Doc. 62-1 at 12–15). Thus, the Court finds the proposed form and manner of notice satisfies the requirements of Federal Rule of Civil Procedure 23(c) and (e).

### III.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's unopposed Motion for Preliminary Approval of Class/Collective Action Settlement. (Doc. 62).

Accordingly, the Court **PRELIMINARILY CERTIFIES** the settlement class and **PRELIMINARILY APPROVES** the Settlement Agreement. *Id.*

Further, the Court **APPROVES** the proposed form and manner of notice regarding the distribution of class notice to the settlement class. (Doc. 62-1). Thus, the Court **DIRECTS** the parties to provide the approved Notice to the members of the preliminarily Certified Settlement Class in the approved manner. Additionally, the Court **ORDERS** the parties to distribute the Proposed Class Notice to the Settlement Class within **THIRTY (30) DAYS** of the entry of this Order.

Lastly, the Court **ORDERS** that a Final Approval Hearing is scheduled for **Monday, July 24, 2023, at 2:00 p.m.** at the U.S. Courthouse, 200 E. Wall Street, Midland, Texas 79701, in the First Floor Courtroom.

It is so **ORDERED**.

SIGNED this 20th day of April, 2023.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE