UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

FILED
AUG 01 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___HR___
                    DEPUTY

| | |
|---|---|
| BLAKE ESTRADA individually and on behalf of all others similarly situated, § § § | |
| Plaintiff, § | |
| -against- § | Case No.: 7:20-cv-00140 |
| § § | |
| MULHOLLAND ENERGY SERVICES, LLC § § § | |
| Defendant. § | |

### ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

The Court, having conducted a Fairness Hearing on July 24, 2023, orders as follows:

1. Unless otherwise defined herein, all terms used in this Order will have the same meaning as defined in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. This Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated April 20, 2023, and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4. Having considered the factors outlined in Rule 23(e), the Court now gives Final Approval of the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arm's-length negotiations further support this finding.

5. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), and for the purposes of settlement only, the following Settlement Class consisting of:

> All current and former hourly employees who held the position of a Rig Technicians, also known as wash crew members for Mulholland Energy Services LLC ("Mulholland") and performed work at any time between June 1, 2017 and the date of this Order (the "Class").

6. The Court appoints as Co-Lead Class Counsel Bruckner Burch PLLC and Fitapelli & Schaffer, LLP, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

7. The Court appoints Plaintiff Blake Estrada to serve as the Representative Plaintiff for settlement purposes only on behalf of the Class.

8. With respect to the Class, this Court finds, for settlement purposes only, that: (a) the Class defined above is too numerous for their joinder to be practicable; (b) there are questions of law or fact common to the Class, and those common questions predominate over any questions affecting only individual members; (c) the Representative Plaintiff and Co-Lead Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Class; and (d) certification of the Class is an appropriate method for the fair and efficient adjudication of this Litigation.

9. The Court has determined that the Notice given to the Class members in accordance with the Preliminary Approval Order fully and accurately informed Class members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Fed. R. Civ. P. 23, applicable law, and the due process clause of the U.S. Constitution.

10. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

11. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Class Members' claims against the Released Persons. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Persons.

12. The Court adjudges that the Plaintiff and all Class members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, as set forth in the Settlement Agreement.

13. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have res judicata preclusive effect in, all pending and future lawsuits or other proceedings related to the Released Claims maintained by or on behalf of Representative Plaintiff and all other Class Members who did not validly and timely exclude themselves from the Settlement.

14. No Settlement Class Members submitted timely and proper requests for exclusion.

15. The Representative Plaintiff and Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Parties.

16. The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel as outlined in the Settlement Agreement. The Court finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: (1) the Court finds that there is no evidence of fraud or collusion behind the settlement; (2) the Court finds the complexity, expense, and likely duration of the litigation supports the Settlement; (3) the Court concludes that Representative Plaintiff and Co-Lead Class Counsel analyzed ample discovery to analyze the Settlement; (4) the Settlement represents a fair compromise between the Settling Parties; (5) the Settlement is within the

range of recovery that Representative Plaintiff and the Class could have obtained in the litigation; (6) the opinions of Co-Lead Class Counsel, Representative Plaintiff, and the Class support approval; (7) Co-Lead Class Counsel and the Representative Plaintiff have adequately represented the Settlement Class; and (8) the Settlement treats Class Members equitably relative to each other.

17. The Court approves the Service Award to the Representative Plaintiff finding it to be reasonable in light of the services performed by Representative Plaintiff for the Class, including taking on the risks of litigation and helping achieve the results to be made available to the Class.

18. No objections were filed in this matter. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds no reason to delay entering this Final Order. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order.

19. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Order and do not limit the rights of Class Members.

20. Without affecting the finality of this Final Order for purposes of appeal, the Court retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Order, and for any other necessary purpose.

IT IS SO ORDERED.

SIGNED this 15th day of Aug, 2023.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE